IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER DENYING MOTION TO** |
| Plaintiff, ) | **DISMISS INDICTMENT** |
| ) | |
| vs. ) | Crim. File No. 3:07-cr-92 |
| ) | |
| Shane Jowell Anderson, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On September 26, 2007, the Defendant was Indicted for Failure to Appear, in violation of 18 U.S.C. § 3146. Before the Court is his Motion to Dismiss the Indictment (Doc. #18). The United States resists the motion (Doc. #26). A hearing was held on the matter on March 26, 2008.

Mr. Anderson moves to dismiss the indictment on two bases, 1) that the facts, even if proven, do not constitute an offense as a matter of law; and 2) that the Speedy Trial period has run.

"In order to be valid, an indictment must allege that the defendant performed acts which, if proven, constitute the violation of law for which he is charged. If the acts alleged in the indictment do not constitute a violation of law, the indictment is properly dismissed." United States v. Polychron, 841 F.2d 833, 834 (8th Cir. 1988). However, it is up to the jury, not the Court, to determine guilt or innocence based on the factual elements of the offense. United States v. Hirsch, 360 F.3d 860 (8th Cir. 2004). Here the crime of failure to appear has the

following elements: 1) The defendant was on pretrial release; 2) He was required to be in Court; 3) He was aware of this required appearance; 4) He failed to appear as required; and 5) He was willful in this failure to appear.  United States v. McGill, 604 F.2d 1252, 1254 (9th Cir. 1979).  The defendant takes issue with the second element, arguing that because the trial was continued, there was no actual "requirement" that he be in Court.  The United States argues the defendant was never released from his obligation to appear.  This is a question of fact that should ultimately be left for the jury.

The Speedy Trial Act requires that a defendant must be brought to trial within 70 non-excludable days following his initial appearance.  18 U.S.C. § 3161(c)(1).  Any period of delay resulting from "other proceedings" concerning the defendant, including other trials, plea negotiations, and the Court's consideration of a plea agreement, is excludable.  18 U.S.C. § 3161(h)(1).  The initial appearance in this case was held on November 20, 2007.  The instant motion was filed on December 17, 2007, and was under advisement by the Court until the Court was informed that Defendant had entered into a plea agreement that would resolve both cases.  The United States had agreed to dismiss this indictment, pursuant to a binding plea agreement filed in Crim. File No. 3:06-cr-107 on January 2, 2008.  That plea was withdrawn on February 26, 2008, and this matter was immediately set for a March 31, 2008 trial.  The non-excludable dates appear to be November 21, 2007, through December 16, 2007, and February 26, 2008, through March 31, 2008, less every day the Court convened for status conferences or motions hearings, resulting in a total of far less than 70 non-excludable days.  The vast majority of the time that has passed between the defendant's initial appearance and the March 31, 2008 trial date has been the result of the defendant's own actions, decisions, and indecision.  Therefore, no

Speedy Trial Act violation has occurred.

The defendant's Motion to Dismiss the Indictment is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated this 28th day of March, 2008.

*/s/      Ralph R. Erickson*
Ralph R. Erickson, District Judge
United States District Judge
