**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:06-cr-107 & 3:07-cr-92 |
| | ) | |
| Shane Jowell Anderson, | ) | **ORDER DENYING MOTION** |
| | ) | |
| Defendant. | ) | |

___

Before the Court is the defendant's motion for writ of habeas corpus. The identical motion has been filed in both the cases identified in the caption above. The defendant is being held in the Cass County Jail awaiting trial which is scheduled for April 28, 2008. The cases, which have been consolidated for trial, are assigned to the Honorable Ralph R. Erickson. Judge Erickson asked that another judge of the district review the defendant's motions. Chief Judge Daniel L. Hovland assigned the motions to the undersigned.

The Court has reviewed the entire record and makes the following findings of fact:

1. The defendant was indicted on six counts of bank fraud and one count of making false statements on a credit application on September 20, 2006.

2. He was arrested on May 31, 2007. The public defender was appointed to represent the defendant. An arraignment and initial appearance were held the same day and the defendant was released on a personal recognizance bond. The bond required the defendant to telephone his attorney at least twice a week and his supervising pretrial services officer at least once a week. Trial was set for August 6, 2007.

3. Trial was continued to September 4, 2007, at the defendant's request.

4. A status conference was held on August 28, 2007. The defendant did not attend and his whereabouts were unknown. A bench warrant was issued for the

defendant's arrest.

5. On September 26, 2007, the defendant was indicted in case no. 3:07-cr-92 for failure to appear at his September 4, 2007, trial.

6. The defendant was arrested in Arizona on September 29, 2007.

7. An initial appearance and arraignment were held on November 20, 2007, before magistrate Judge Karen K. Klein.

8. A detention hearing was held on November 28, 2007. The defendant was ordered detained pending trial. Judge Klein cited defendant's prior failure to appear for trial and failure to keep his supervising pretrial services officer apprised of his whereabouts as reasons for the detention.

9. A plea agreement was filed and the defendant changed his plea to guilty on January 2, 2008.

10. A motion for release from custody was filed January 7, 2008. A hearing was held and Judge Erickson denied the motion on January 18, 2008.

11. A motion for modification of detention was filed on February 11, 2008. The defendant had sought to attend a funeral. The motion was denied by Judge Erickson who found the defendant to be a flight risk.

12. The Court ordered the defendant's guilty plea withdrawn on March 5, 2008, citing the defendant's continued protestations of innocence.

13. Trial was continued to April 28, 2008, at the request of the defendant.

14. The defendant filed the current motion on April 16, 2008.

15. On April 17, 2008, Judge Erickson held a hearing to review the defendants release status. Finding no change in circumstances and noting an active warrant for the defendant's arrest out of Cass County, the defendant's detention was continued. Exhibits from that hearing demonstrate a history of failing to appear in debtor-creditor proceedings and the Cass County warrant stems from such a failure to appear and the resulting contempt citation.

The defendant requests writ of habeas corpus and cites 28 U.S.C. §§ 2241-2256. He argues he is not a flight risk and the detention has caused him and his family great hardship. He does not explain his previous failure to appear or comply with the conditions of his release.

It plainly appears to the undersigned that the defendant is not entitled to the writ. The defendant previously failed to appear for trial and thus presents a flight risk. As he presents a flight risk, his detention pending trial is entirely lawful. 18 U.S.C. § 3142(e). His release status has been reviewed on numerous occasions with the same conclusion and the undersigned can find no fault in those decisions. The defendant has only himself to blame for his detention and the hardship which it has occasioned. The request for a writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of April, 2008.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court